872 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The ESTATE OF Samir ABDEL-HAK, Plaintiff-Appellant,
v.
The CITY OF DEARBORN, et al., Defendants-Appellees.
 No. 88-1713.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1989.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and JOHN W. POTTER, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff appeals the order of the district court granting summary judgment to defendants in this action brought pursuant to 42 U.S.C. Sec. 1983. We affirm.
 
 I.
 
 2
 Plaintiff's decedent, Samir Abdel-Hak, was drinking with his friend Hassan Wehab in the Streetlight Lounge in the City of Dearborn on the evening of July 22, 1985. According to Wehab, decedent was depressed because of the recent death of his brother. Decedent suddenly ran out of the bar and ran screaming through the streets of Dearborn until he came upon a police car. He tried to get into the police car, but could not gain entry because the doors were locked. When Officer Wilkes got out of the police car, decedent ran toward him and kicked him in the leg. Officer Wilkes and his partner subdued and handcuffed decedent, and then interviewed Wehab, who had followed decedent from the bar. At the time of the arrest, the officers knew that decedent was intoxicated, and they noticed he was frothing at the mouth.
 
 
 3
 Wehab apparently knew that decedent was also under the influence of cocaine, but he did not inform the officers of this fact. The arrest was made at 12:06 a.m. on the morning of July 23, 1985. Decedent was then taken to the police station where it took four officers to subdue and book him. Because of his condition, his clothing was removed and he was placed in a detention cell. At that time, because decedent appeared to be passed out, Officer Dombrowski checked for a pulse and found the decedent to be breathing. Approximately two minutes later, Dombrowski again checked and found that decedent had no pulse and was not breathing. The Dearborn Fire Department Rescue Squad was immediately notified, and a policeman began performing cardiopulmonary resuscitation. The Rescue Squad received the alarm at 12:41 a.m., and arrived at the cell at 12:47 a.m. Decedent was then transported to the Emergency Room at Oakwood Hospital, arriving at 12:55 a.m. Decedent's pulse was restored at 1:07 a.m. but he never regained consciousness. He was pronounced dead at 7:31 p.m. on the evening of July 23, 1985. The death certificate indicated that the cause of death was "drug abuse."
 
 
 4
 Plaintiff subsequently filed this suit pursuant to 42 U.S.C. Sec. 1983, alleging that the City of Dearborn and various individual defendants had violated decedent's rights under the first, fourth, fifth, eighth, and fourteenth amendments to the Constitution. Defendants subsequently filed a motion for summary judgment, and the district court entered an order granting that motion on April 29, 1988. The district court concluded first that plaintiff's first, fourth, fifth, and eighth amendment claims were without merit because "plaintiff asserts a claim only for lack of medical care of the nonconvicted decedent by Dearborn police officers...." The district court concluded that such a claim could only arise under the due process clause of the fourteenth amendment. The court therefore granted summary judgment on the first, fourth, fifth, and eighth amendment claims; plaintiff does not appeal that determination. Turning to the fourteenth amendment claim, the district court concluded that summary judgment was also appropriate there because plaintiff did not establish that defendants had acted with deliberate indifference to decedent's serious medical needs. The district court further noted that plaintiff's claim against the City of Dearborn would fail even if plaintiff had alleged a constitutional violation because he did not demonstrate an official policy of deliberate indifference to the medical needs of detainees. Thus, the district court granted summary judgment. The plaintiff now appeals.
 
 II.
 A.
 
 5
 Although the eighth amendment does not apply to pretrial detainees, this court has analogized the rights to which detainees are entitled under the due process clause of the fourteenth amendment to those granted to prisoners under the eighth amendment.
 
 
 6
 [I]n accordance with the holding in Bell v. Wolfish that "pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners," 441 U.S. 520, 545 (1979), plaintiff claims that his decedent's rights under the Eighth Amendment were violated by "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). ("We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' (citation omitted) prescribed by the Eighth Amendment." Id. at 104). Roberts, as a pretrial detainee rather than a convicted prisoner, was not within the protection of the eighth amendment; however the eighth amendment rights of prisoners are analogized to those of detainees under the fourteenth amendment, to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial.
 
 
 7
 Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir.1985). Thus, in order to sustain a cause of action against the individual defendants under Sec. 1983 for violation of his fourteenth amendment rights as a result of inadequate medical care, plaintiff must establish that defendants acted with "deliberate indifference to [his] serious medical needs...." Estelle, 429 U.S. at 104. It is settled that mere negligence will not sustain such a claim. Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988); Roberts, 773 F.2d at 724-25.
 
 
 8
 Plaintiff's complaint, at most, alleges mere negligence. As the district court succinctly put it:
 
 
 9
 [I]t is apparent that deliberate indifference was not present in this case. As indicated by the records, the decedent was closely observed following arrest. This observation continued after his placement in the police station holding cell. His pulse and respiration were checked after he was observed to pass out, and both pulse and respiration were found to be present. When the decedent's pulse and respiration were again checked a minute or two later, neither pulse nor respiration were found. At that time, C.P.R. was begun and emergency medical services were called. A mere 35 minutes had passed from the time of arrest. The level of care received by decedent does not evidence deliberate indifference. Rather, the complaint at best alleges that the officers were negligent in assessing decedent's condition. That is, the complaint merely suggests that the officers negligently interpreted decedent's condition as drunkenness rather than drug impairment.
 
 
 10
 On appeal, plaintiff argues that the police officers should have immediately transported decedent to the hospital upon arrest. This argument must be rejected because the police officers had no way of knowing that decedent was under the influence of cocaine. Decedent's friend, Wehab, did not inform the officers that plaintiff had been ingesting cocaine, but merely told them that he was drunk. Plaintiff nevertheless argues that police had a duty to take all chemically impaired persons to the hospital. This argument is also meritless because plaintiff has introduced no evidence indicating that the failure to take drunken detainees to the hospital constitutes a deliberate indifference to their medical needs. Defendants' conduct in this case does not even rise to the level of negligence; it certainly does not constitute "deliberate indifference to [decedent's] serious medical needs...." Estelle, 429 U.S. at 104. We therefore conclude that the district court did not err by granting summary judgment to the individual defendants.
 
 B.
 
 11
 It is now well settled that a municipality "cannot be held vicariously liable under Sec. 1983 for damages inflicted by its officers." Molton, 839 F.2d at 243 (emphasis in original). Thus, in order to maintain a cause of action against the City of Dearborn, plaintiff must show that the City adopted a policy or custom of gross negligence, recklessness, or deliberate indifference to the serious medical needs of detainees. Molton, 839 F.2d at 246-47; see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).
 
 
 12
 The City of Dearborn promulgated a general order stating that "[a]ny person appearing to be in a serious medical condition due to influence of alcohol or drugs will be taken to Wayne County General Hospital for detoxification." Plaintiff argues that the City followed an unwritten "policy" of routinely ignoring this general order. Even if this were true, plaintiff has failed to demonstrate that the City's failure to follow its own general order constitutes a "policy" of deliberately disregarding the serious medical needs of detainees. The Supreme Court has held that "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We hold that summary judgment was appropriate here because plaintiff failed to demonstrate that the City of Dearborn maintained a policy of deliberate indifference to the serious medical needs of detainees.
 
 III.
 
 13
 The order of the district granting summary judgment to all of the defendants is AFFIRMED.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation